UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9684 PA (AJRx) | | Date | February 4, 2025 |
|---|---|---|---|---|
| Title | Thomas Lin v. TMC The Metals Company Inc. et al. | | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    IN CHAMBERS — COURT ORDER

Before the Court are a Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel filed by movants Thomas Lin ("Lin") and Reginald George ("George"), and a Motion for Appointment of Lead Plaintiff and Approval of Counsel filed by movant Thomas Robinson ("Robinson"). (Docket Nos. 16 & 20). Plaintiff Lin, who filed the original Complaint, and George filed a Notice of Non-Opposition to the Motion filed by movant Thomas Robinson. (Docket No. 24). No other party or movant has filed an opposition to Robinson's Motion. (Docket No. 25.) Movant Robinson also filed a Notice of Waiver of Oral Argument on his Motion. (Docket No. 26. ) Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 10, 2025, is vacated, and the matter taken off calendar.

## I.    Factual & Procedural Background

Lin commenced this action on November 8, 2024. Plaintiff's Complaint, brought on behalf of a putative class of all purchasers of TMC The Metals Company Inc. ("TMC") securities between May 12, 2023 and March 25, 2024. The Complaint asserts claims against TMC and several individual defendants who served as officers of TMC ("Defendants"), for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

The Complaint alleges that TMC is a deep sea minerals exploration company focused on the collection, processing and refining of polymetallic nodules. (Complaint ¶ 2.) According to the Complaint, TMC and its wholly owned subsidiary, Nauru Ocean Resources Inc. ("NORI"), entered into a strategic partnership with Low Carbon Royalties Inc. ("LCR") in February 2023, and Defendants made materially false and misleading statements in press releases concerning the partnership and TMC's business operations . (Id. ¶¶ 3-4.) Specifically, that TMC maintained deficient internal controls over financial reporting, and as a result, TMC inaccurately classified

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9684 PA (AJRx) | Date | February 4, 2025 |
|---|---|---|---|
| Title | Thomas Lin v. TMC The Metals Company Inc. et al. | | |

the sale of future revenue attributable to the partnership as deferred income rather than debt. This "misclassification" made Defendants' public statements materially false and misleading." (Id. ¶ 4.)

According to the Complaint, on March 25, 2024 TMC disclosed in a filing with the SEC that TMC's financial statements for the first three quarters of 2023 needed to restated due to the decision to reclassify the LCR partnership proceeds as debt.  TMC further disclosed that because the transaction with LCR was considered an equity investment rather than a sale, the sale of future revenue would be reclassified as a "Royalty liability."  (Id. ¶ 5.)  After the disclosures, the Complaint alleges that TMC's stock price fell $0.205 per share, or 13.23%, and that as a result of Defendants' misleading statements and omissions and the decline in the market value of TMC securities, Plaintiff and other class members have suffered significant losses.  (Id. ¶¶ 6-7.)

Movant Robinson filed his Motion on January 7, 2025.  Robinson seeks to be appointed lead plaintiff and to have The Rosen Law Firm, P.A. ("Rosen Law Firm") approved as lead counsel for the class.  Lin and George have filed a Notice of Non-Opposition to Robinson's Motion, and no other party or movant has filed an opposition to Robinson's Motion.

## II.     Appointment of Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA" or "Reform Act"), 15 U.S.C. § 78u-4, directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interest of the class members. . . ."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Ninth Circuit has described the appointment of a lead plaintiff in a case governed by the PSLRA as a three-step process:

> The Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria.  The first step consists of publicizing the pendency of the action, the claims made and the purported class period.  15 U.S.C. § 78u-4(a)(3)(A).  The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(I).  The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9684 PA (AJRx) | | Date | February 4, 2025 |
|---|---|---|---|---|
| Title | Thomas Lin v. TMC The Metals Company Inc. et al. | | | |

> In step two, the district court must consider the losses allegedly suffered by
> the various plaintiffs before selecting as the "presumptively most adequate
> plaintiff" – and hence the presumptive lead plaintiff – the one who "has the
> largest financial interest in the relief sought by the class" and "otherwise
> satisfies the requirements of Rule 23 of the Federal Rules of Civil
> Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In other words, the district
> court must compare the financial stakes of the various plaintiffs and
> determine which one has the most to gain from the lawsuit.
>
> . . .
>
> The third step of the process is to give other plaintiffs an opportunity to rebut
> the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality
> and adequacy requirements.

In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002). Under the PSLRA, the appointed lead plaintiff has the right to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Although this power is subject to court approval and is therefore not absolute, it plainly belongs to the lead plaintiff." Cohen v. U.S. Dist. Court for N. Dist. of Cal., 586 F.3d 703, 709 (9th Cir. 2009). "[T]he district court has no authority to select for the class what it considers to be the best possible lawyer[.]" Cavanaugh, 306 F.3d at 732.

### A.    Publication and Notice

Notice must be provided to class members via publication in a widely circulated national business-oriented publication or wire service within 20 days of the filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period and (2) inform potential class members that, within 60 days of the date on which notice was published, any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(I)–(II).

Counsel for Lin and George published a notice pursuant to the PSLRA containing the requisite information via Accesswire on November 8, 2024, the same day Plaintiff filed the Complaint. The notice announced that a putative class action lawsuit was filed and the conduct complained of, specified the class period, and advised putative class members of the deadline to file a motion to seek appointment as lead plaintiff in the pending action. (Docket No 22; Pafiti Decl. Ex. B.) See Hurst v. Enphase Energy, Inc., No. 20-CV-04036-BLF, 2020 WL 7025085, at

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9684 PA (AJRx) | Date | February 4, 2025 |
|---|---|---|---|
| Title | Thomas Lin v. TMC The Metals Company Inc. et al. | | |

*2 (N.D. Cal. Nov. 30, 2020).  The Court therefore concludes that the statutory notice requirements of publication of the pending action and notice to putative class members are satisfied.  See Koffsmon v. Green Dot Corp., No. CV 19-10701 DDP (Ex), 2021 WL 3473975, at *1 (C.D. Cal. Aug. 6, 2021).

### B.    Largest Financial Interest

The PSLRA provides a rebuttable presumption that the person or group of persons who filed the complaint or a timely motion, and has the largest financial interest in the relief sought by the class is the plaintiff "most adequately" situated to represent the class as lead plaintiff, provided this person or group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Robinson alleges that he incurred a loss of approximately $126,472.17 during the class period as a result of his purchases of TMC securities.  There is no evidence that any other class member suffered greater losses in TMC's securities during the Class Period.  Indeed, no other potential plaintiff has appeared, and Lin and George concede that they do not, in fact, have the largest financial interest within the meaning of the PSLRA.  (Docket No. 24.)  The Court therefore concludes, on this record, that Robinson has the greatest financial interest.

"The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  Cavanaugh, 306 F.3d at 729.  The presumptive lead plaintiff's showing that it satisfies these requirements may be rebutted by evidence that the proposed lead plaintiff would not fairly and adequately represent the interest of the class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  "Once [a court] determines which plaintiff has the biggest [financial] stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements [of Rule 23]."  Cavanaugh, 306 F.3d at 732.  "The Ninth Circuit has determined that this inquiry is largely limited to determining whether the plaintiff has demonstrated he satisfies the 'typicality' and 'adequacy' requirements of Fed. R. Civ. P. 23(a)."  Ferreira v. Funko, Inc., No. CV 20-2319 VAP (PJWx), 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020); see also Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.").  "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class.  Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.  The test of typicality is whether other members have the same or similar injury. . . ."  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9684 PA (AJRx) | Date | February 4, 2025 |
|---|---|---|---|
| Title | Thomas Lin v. TMC The Metals Company Inc. et al. | | |

(internal quotation marks omitted) (citations omitted).  "The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation."  Zhu, 682 F. Supp. 2d at 1053.

Here, Robinson, like the putative class members, allegedly suffered losses when subsequent revelations resulted in a decline in the value of TMC's securities.  Submissions from Robinson and the Rosen Law Firm indicate that Robinson would vigorously pursue recovery on behalf of the entire class, suggest no conflict of interest between Robinson or its counsel, and indicate that the Rosen Law Firm possesses the requisite expertise and capability to prosecute and manage this litigation efficiently and effectively.  (Docket No. 18.)  See Koffsmon, 2021 WL 3473975, at *4.  Thus, Robinson makes a prima facie showing that he meets Rule 23(a)'s typicality and adequacy requirements.  No party has submitted evidence or any proof suggesting that Robinson is inadequate to serve as lead plaintiff or otherwise rebut Robinson's showing of typicality or adequacy under Rule 23(a).  In addition to the fact that no party has challenged Robinson's Motion, there is no indication that Robinson maintains interests antagonistic to those of absent class members or is subject to unique defenses that would render it incapable of adequately representing the class.  See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).  Accordingly, the Court finds that Robinson is presumptively the most adequate plaintiff.

**III.    Approval of Lead Counsel**

"While appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff."  Cavanaugh, 306 F.3d at 734; id. at 732–33 ("[T]his is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer . . . . Indeed, the district court does not select class counsel at all.  Rather, such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff."); see 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  "Consistent with congressional intent in enacting the PSLRA to vest authority for selecting class counsel in the lead plaintiff and our reasoning in Cavanaugh, the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently."  Cohen, 586 F.3d at 711 (citing Cavanaugh, 306 F.3d at 732, 734 & n. 14).  Instead, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." (Id. (citation omitted).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-9684 PA (AJRx) | | Date | February 4, 2025 |
|---|---|---|---|---|
| Title | Thomas Lin v. TMC The Metals Company Inc. et al. | | | |

Robinson has selected the Rosen Law Firm to serve as lead counsel for the class. Resumes submitted by the firm indicate that lead counsel has participated in a number of securities class actions, and that the firm is otherwise well-qualified. (Docket No. 18-4.) The Court finds no conflicts on this record. No party has challenged the adequacy of this firm to serve as lead counsel. Therefore, the Court approves the Rosen Law Firm as lead counsel.

**Conclusion**

For the foregoing reasons, the Court denies Lin and George's Motion (Docket No 20), and grants Robinson's Motion. (Docket No. 16.) The Court appoints Robinson as Lead Plaintiff. The Court approves the Rosen Law Firm as Lead Counsel. Within 14 days of entry of this Order appointing Lead Plaintiff and Lead Counsel as provided by the PSLRA, Lead Plaintiff shall file an amended complaint, or notify Defendants and the Court in writing that Lead Plaintiff intends to rely on the current complaint. Defendants shall have 21 days in which to move, answer or otherwise respond to the filing of a consolidated or amended complaint or 21 days in which to move, answer or otherwise respond to the current complaint upon receiving notice that Lead Plaintiff intends to rely on the current complaint.

IT IS SO ORDERED.