LATHAM & WATKINS LLP
Kristin N. Murphy (SBN 268285)
  kristin.murphy@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

Colleen C. Smith (SBN 231216)
  colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400

Jeff G. Hammel (*pro hac vice*)
  jeff.hammel@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

*Attorneys for Defendants TMC the metals company, Inc., Gerard Barron, and Craig Shesky*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THOMAS LIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TMC THE METALS COMPANY INC., GERARD BARRON, and CRAIG SHESKY,<br><br>Defendants. | CASE NO. 2:24-CV-09684-PA-AJR<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Date:       June 23, 2025<br>Time:       1:30 p.m.<br>Courtroom:  9A<br>Judge:      Hon. Percy Anderson |

## I.    INTRODUCTION

Defendants TMC the metals company, Inc. ("TMC" or the "Company"), Gerard Barron, and Craig Shesky (together, the "Individual Defendants," and with TMC, "Defendants") respectfully request that the Court consider certain documents submitted in connection with Defendants' Motion to Dismiss the Amended Class Action Complaint ("Motion") and attached to the contemporaneously filed Declaration of Colleen C. Smith ("Smith Declaration" or "Smith Decl."). All of these materials are incorporated by reference into the Amended Class Action Complaint ("Amended Complaint" or "AC") (ECF No. 34), subject to judicial notice under Rule 201 of the Federal Rules of Evidence, or both. Specifically, Defendants submit the following documents:

- **Exhibit 1**, a true and correct copy of TMC's Form 10-K for the fiscal year ended December 31, 2023, filed with the Securities and Exchange Commission ("SEC") on March 25, 2024, and excerpted to omit the appendices/exhibits originally filed therewith.

- **Exhibit 2**, a true and correct copy of TMC's Form 10-Q for the quarterly period ended March 31, 2023, filed with the SEC on May 11, 2023.

- **Exhibit 3**, a true and correct copy of TMC's Form 8-K, including Exhibits 10.1 (Royalty Agreement), 10.2 (Investor Rights Agreement), and 99.1 (press release), filed with the SEC on February 22, 2023.

- **Exhibit 4,** a true and correct copy of the transcript of TMC's Q4 2023 earnings call, dated March 25, 2024, which is available on TMC's website at investors.metals.co.

- **Exhibit 5**, a true and correct copy of a historical chart of TMC's stock price from February 21, 2023 to April 10, 2024, from Yahoo! Finance.

- **Exhibit 6**, a true and correct copy of excerpts from the Financial Accounting Standards Board ("FASB") Accounting Standards Codification ("ASC") Section 323-10—Investments—Equity Method and Joint Ventures.

- **Exhibit 7,** a true and correct copy of TMC's Form 10-Q for the quarterly period ended June 30, 2023, filed with the SEC on August 14, 2023.

- **Exhibit 8,** a true and correct copy of TMC's Form 10-Q for the quarterly period ended September 30, 2023, filed with the SEC on November 9, 2023.

- **Exhibit 9,** a true and correct copy of excerpts from FASB ASC Section 470-10—Debt.

- **Exhibit 10,** a true and correct copy of TMC's Form 8-K and Exhibit 99.1 (press release), filed with the SEC on March 25, 2024.

All of these documents may be considered by the Court. *First*, Plaintiffs rely on numerous documents cited in the Amended Complaint, such that they are incorporated by reference into the Amended Complaint and may be considered in connection with the Motion. *Second*, all of the exhibits to the Smith Declaration are also properly subject to judicial notice under Federal Rule of Evidence 201, because each is a matter of public record and/or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## II.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), this Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court, in other words, may look beyond the four corners of the Amended Complaint in ruling on Defendants' Motion. *See id.*; *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

## III.    ARGUMENT

### A.    Exhibits 1-2, 4, and 6-10 Are Extensively Referenced in the AC and Are Therefore Incorporated by Reference

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (explaining that the doctrine of incorporation by reference is distinct from the doctrine of judicial notice and permits the Court to consider the content of documents incorporated by reference in the complaint). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002. Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Id.* "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss," *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014), which precludes plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not, *Khoja*, 899 F.3d at 1002.

*First*, Plaintiffs admit that documents referenced in the Amended Complaint, including Exhibits 1-2, 4, and 6-10, form the basis of their claims, as the Amended Complaint expressly states that the allegations are based, in part on, "a review of the Defendants' public documents, conference calls and announcements made by Defendants, [SEC] filings, [and] wire and press releases published by and regarding TMC." AC at 2. Defendants provide either the full text of each document, where applicable, or portions sufficient to review all relevant portions in full, so that the Court may consider Plaintiffs' citations and allegations in context. *See In re Silicon*

*Storage Tech, Inc. Sec. Litig.*, 2006 WL 648683, at \*2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

*Second*, Plaintiffs rely on several documents to form the basis of their challenged statements. Plaintiffs assert that Defendants made allegedly false or misleading statements in TMC's Q1-Q3 2023 Forms 10-Q (Exhibits 2 and 7-8). AC ¶¶ 45-67. Furthermore, Plaintiffs rely on TMC's Forms 8-K and 10-K, filed on March 25, 2024, (Exhibits 1 and 10) announcing the restatement of the Q1-Q3 2023 financial statements as the alleged corrective disclosures. AC ¶¶ 68-72. Because these documents have "essentially been adopted" as part of the Amended Complaint, they should be considered in assessing the motion to dismiss. *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1106-07 (E.D. Wash. 2013); *see In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (proper to consider SEC filings under incorporation by reference doctrine).

*Third*, Plaintiffs cite TMC's Q1 2023 earnings call transcript (Exhibit 4) in support of their allegations regarding Defendants' motives for the alleged fraud. AC ¶ 75. Additionally, Plaintiffs' theory is that the challenged statements are false or misleading because Defendants' accounting for the LCR royalty did not conform to several FASB guidelines (Exhibits 6 and 9), which are cited extensively in the Amended Complaint and within the challenged statements themselves. *See, e.g.*, AC ¶¶ 28, 45-72. All of these exhibits may be considered by the Court under the incorporation by reference doctrine. *See Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) ("investor presentation transcripts" were incorporated by reference because they "form the basis of the plaintiff's claim"); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of

documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss").

### B.    All Exhibits are Properly Subject to Judicial Notice

Independently, all of the documents submitted in connection with Defendants' Motion—Exhibits 1 through 10—are subject to judicial notice because each is a matter of public record or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999 ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is not subject to reasonable dispute.").  Under the judicial notice rule, a court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Public records, "such as SEC filings," are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities case.  *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

**SEC Filings (Exhibits 1-3, 7-8, and 10).**  Courts routinely take judicial notice of public SEC filings in connection with motions to dismiss in securities class action cases.  *See Metzler Inv. GMBH v. Corinthian Colleges Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 902 (C.D. Cal. 2011) (courts are permitted "to judicially notice SEC filings").  The Court may therefore take judicial notice of these documents to show, among other things, that Defendants "made the statements contained therein." *Russian Hill Cap., LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016).

**Earnings Call Transcripts (Exhibit 4).**  Earnings call transcripts are also routinely subject to judicial notice in securities matters.  *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("[T]he Court may take judicial notice of both presentations for investors and investor conference calls."); *Hong v. Extreme Networks, Inc.*, 2017 WL 1508991, at *10 (N.D. Cal. Apr. 27, 2017) (taking judicial notice of "transcripts of the conference calls, for the purposes of demonstrating what was disclosed to investors").

**Historical Stock Prices (Exhibit 5).**  "Because publicly traded companies' historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them." *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (collecting cases); *see also Metzler*, 540 F.3d at 1064 n.7 (9th Cir. 2008) ("stock price history" was properly judicially noticed).

**Financial Accounting Standards Board Accounting Standards Codification (Exhibits 6 and 9).**  "[J]udicial notice is appropriate for . . . accounting rules as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *In re Asyst Techs., Inc. Deriv. Litig.*, 2008 WL 2169021, at *1 n.1 (N.D. Cal. May 23, 2008) (taking judicial notice of accounting standards that were not incorporated by reference into the complaint). As a result, "courts regularly take judicial notice of published accounting standards." *Zulfer v. Playboy Enters., Inc.*, 2013 WL 12132075, at *2-3 (C.D. Cal. Apr. 24, 2013); *see also In re Charles Schwab Corp. Sec. Litig.*, 257 F.R.D. 534, 561 n.18 (N.D. Cal. 2009) (taking judicial notice of FASB Statement of Financial Accounting Concept No. 1).

## IV.    CONCLUSION

Defendants respectfully request that the Court consider Exhibits 1 through 10 in assessing Defendants' Motion.

Dated:  April 10, 2025

Respectfully submitted,

LATHAM & WATKINS LLP
Kristin N. Murphy
Colleen C. Smith
Jeff G. Hammel

By:  */s/ Colleen C. Smith*
Colleen C. Smith

*Attorneys for Defendants TMC the metals company, Inc., Gerard Barron, and Craig Shesky*