LATHAM & WATKINS LLP
Jeff G. Hammel (*pro hac vice*)
  *jeff.hammel@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

Colleen C. Smith (SBN 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400

Kristin N. Murphy (SBN 268285)
  *kristin.murphy@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235

*Attorneys for Defendants TMC the metals company, Inc., Gerard Barron, and Craig Shesky*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THOMAS LIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TMC THE METALS COMPANY INC., GERARD BARRON, and CRAIG SHESKY,<br><br>Defendants. | CASE NO. 2:24-CV-09684-PA-AJR<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE CORRECTED SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     October 20, 2025[1]<br>Time:     1:30 p.m.<br>Courtroom: 9A<br>Judge:    Hon. Percy Anderson |

[1] Special briefing schedule ordered.  *See* Dkt. No. 45.

## I.    INTRODUCTION

Defendants TMC the metals company, Inc. ("TMC" or the "Company"), Gerard Barron, and Craig Shesky (together, the "Individual Defendants," and with TMC, "Defendants") respectfully request that the Court consider certain documents submitted in connection with Defendants' Motion to Dismiss the Corrected Second Amended Class Action Complaint ("Motion") and attached to the contemporaneously filed Declaration of Colleen C. Smith ("Smith Declaration" or "Smith Decl."). All of these materials are incorporated by reference into the Corrected Second Amended Class Action Complaint (the "SAC" or "Amended Complaint"), Dkt. No. 43-1, subject to judicial notice under Rule 201 of the Federal Rules of Evidence, or both. Specifically, Defendants submit the following documents:

- **Exhibit 1**, a true and correct copy of TMC's Form 10-K for the fiscal year ended December 31, 2023, filed with the Securities and Exchange Commission ("SEC") on March 25, 2024, and excerpted to omit the appendices/exhibits originally filed therewith.

- **Exhibit 2**, a true and correct copy of TMC's Form 10-Q for the quarterly period ended March 31, 2023, filed with the SEC on May 11, 2023.

- **Exhibit 3**, a true and correct copy of TMC's Form 8-K, including Exhibits 10.1 (Royalty Agreement), 10.2 (Investor Rights Agreement), and 99.1 (press release), filed with the SEC on February 22, 2023.

- **Exhibit 4,** a true and correct copy of the transcript of TMC's Q4 2023 earnings call, dated March 25, 2024, which is available on TMC's website at investors.metals.co.

- **Exhibit 5**, a true and correct copy of a historical chart of TMC's stock price from February 21, 2023 to April 10, 2024, from Yahoo! Finance.

- **Exhibit 6**, a true and correct copy of excerpts from the Financial Accounting Standards Board ("FASB") Accounting Standards Codification ("ASC") Section 323-10—Investments—Equity Method and Joint Ventures.

- **Exhibit 7,** a true and correct copy of TMC's Form 10-Q for the quarterly period ended June 30, 2023, filed with the SEC on August 14, 2023.

- **Exhibit 8,** a true and correct copy of TMC's Form 10-Q for the quarterly period ended September 30, 2023, filed with the SEC on November 9, 2023.

- **Exhibit 9,** a true and correct copy of excerpts from FASB ASC Section 470-10—Debt.

- **Exhibit 10,** a true and correct copy of TMC's Form 8-K and Exhibit 99.1 (press release), filed with the SEC on March 25, 2024.

- **Exhibit 11,** a true and correct copy of excerpts from Sustainable Opportunities Acquisition Corp.'s (SOAC) Form 10-K/A for the fiscal year ended December 31, 2020, filed with the SEC on May 24, 2021.

- **Exhibit 12,** a true and correct copy of excerpts from SOAC's Form 10-K for the fiscal year ended December 31, 2020, filed with the SEC on March 30, 2021.

- **Exhibit 13,** a true and correct copy of excerpts from SOAC's Form 10-Q for the quarterly period ended March 31, 2021, filed with the SEC on May 25, 2021.

- **Exhibit 14,** a true and correct copy of excerpts from SOAC's Form 10-Q for the quarterly period ended June 30, 2021, filed with the SEC on August 16, 2021.

- **Exhibit 15,** a true and correct copy of excerpts from TMC's Form 10-Q for the quarterly period ended September 30, 2021, filed with the SEC on November 15, 2021.

- **Exhibit 16,** a true and correct copy of excerpts from TMC's Form 10-Q for the quarterly period ended September 30, 2022, filed with the SEC on November 14, 2022.

- **Exhibit 17,** a true and correct copy of excerpts from TMC's Form 10-K for the fiscal year ended December 31, 2022, filed with the SEC on March 27, 2023.

All of these documents may be considered by the Court. *First*, this Court already granted Defendants' previous Request for Judicial Notice of Exhibits 1-10. *See* Dkt. No. 41 (the "Order") at 3; Dkt. No. 36. *Second*, Plaintiffs rely on numerous documents cited in the Amended Complaint, such that they are incorporated by reference and may be considered in connection with the Motion. *Third*, all of the exhibits to the Smith Declaration are also properly subject to judicial notice under Federal Rule of Evidence 201, because each is a matter of public record and/or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.

## II.    LEGAL STANDARD

When "ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested and the complaint necessarily relies on them." Order at 3 (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). "A court may also judicially notice matters of public record," and courts "routinely find SEC filings, as well as press releases, earnings calls, and other information made available to the market to be matters of public record, regardless of whether it was referenced in the complaint." Order at 3 (citations omitted).

## III.    ARGUMENT

### A.    Exhibits 1-2, 4, and 6-17 Are Extensively Referenced in the SAC and Are Therefore Incorporated by Reference

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (explaining the doctrine of incorporation by reference is distinct from the doctrine of judicial notice and permits the Court to consider the content of documents incorporated by reference in the complaint). A

document is incorporated by reference "'if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim.'" *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). Even where a plaintiff references only a short excerpt of the document, the document may be incorporated by reference if the plaintiff's "claim necessarily depend[s] on [the document]." *Id.* "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss," *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quotation marks and citation omitted), which precludes plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not, *Khoja*, 899 F.3d at 1002.

*First*, Plaintiffs admit that documents referenced in the Amended Complaint, including Exhibits 1-2, 4, and 6-17, form the basis of their claims, as the Amended Complaint expressly states that the allegations are based, in part on, "a review of the Defendants' public documents, conference calls and announcements made by Defendants, [SEC] filings, [and] wire and press releases published by and regarding TMC." SAC at 2. Defendants provide either the full text of each document, where applicable, or portions sufficient to review all relevant portions in full, so that the Court may consider Plaintiffs' citations and allegations in context. *See In re Silicon Storage Tech, Inc. Sec. Litig.*, 2006 WL 648683, at *2 (N.D. Cal. Mar. 10, 2006) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.").

*Second*, Plaintiffs rely on several documents to form the basis of their challenged statements. Plaintiffs assert that Defendants made allegedly false or misleading statements in TMC's Q1-Q3 2023 Forms 10-Q (Exhibits 2 and 7-8). SAC ¶¶ 53, 65-77. Plaintiffs also cite TMC's disclosures in its 2020 and 2022 Form

10-Ks and 10-K/A, its Q2-Q3 2021 10-Qs, and its Q3 2022 Form 10-Q (Exhibits 11-14, 16-17). *See* SAC ¶¶ 7, 31-36, 54. Specifically, Plaintiffs rely on these documents to support their theories that TMC had not remediated its pre-Class Period material weakness and should have consulted with experts to account for the royalty granted to Low Carbon Royalties, Inc. SAC ¶¶ 7, 31-36, 54. Furthermore, Plaintiffs rely on TMC's Forms 8-K and 10-K, filed on March 25, 2024, (Exhibits 1 and 10) announcing the restatement of the Q1-Q3 2023 financial statements as the alleged corrective disclosures. SAC ¶¶ 40, 78-80. Because these documents have "essentially been adopted" as part of the Amended Complaint, they should be considered in assessing the motion to dismiss. *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013); *see In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (proper to consider SEC filings under incorporation by reference doctrine).

*Third*, Plaintiffs rely on TMC's Q4 2023 earnings call transcript (Exhibit 4) in support of their claim that the material weakness disclosed in the Class Period was caused by an alleged failure "to consult accounting professionals to address non-routine transactions." SAC ¶ 43; *see also* ¶ 42. These exhibits may be considered by the Court under the incorporation by reference doctrine. *See Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) (incorporating by reference documents that "form the basis of the plaintiff's claim") (cleaned up); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss") (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)).

## B.    All Exhibits Are Properly Subject to Judicial Notice

In the Order, this Court held that Exhibits 1-10 were subject to judicial notice and granted Defendants' request.  Order at 3; Dkt. No. 36.  These exhibits remain subject to judicial notice for the same reasons.

Exhibits 11 through 17 are also subject to judicial notice because each is a matter of public record or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999 ("Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is not subject to reasonable dispute.") (quotation marks and citation omitted).  Under the judicial notice rule, a court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Public records, "such as SEC filings," are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities case.  *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006).

Exhibits 11 through 17 all are all public filings TMC and its predecessor, SOAC, made with the SEC.  Courts routinely take judicial notice of public SEC filings in connection with motions to dismiss in securities class action cases.  *See* Order at 3; *Metzler Inv. GMBH v. Corinthian Colleges Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 902 (C.D. Cal. 2011) (courts are permitted "to judicially notice SEC filings").  The Court may therefore take judicial notice of these documents to show, among other things, that Defendants "made the statements contained therein." *Russian Hill Cap., LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016).

## IV.    CONCLUSION

Defendants respectfully request that the Court again take judicial notice of Exhibits 1 through 10.  In addition, Defendants respectfully request that the Court take judicial notice of Exhibits 11 through 17, and/or consider Exhibits 1, 2, 4, and 6 through 17 as incorporated by reference in Plaintiffs' Amended Complaint.

Dated:  August 6, 2025

Respectfully submitted,

LATHAM & WATKINS LLP
Kristin N. Murphy
Colleen C. Smith
Jeff G. Hammel

By: */s/ Colleen C. Smith*
Colleen C. Smith

*Attorneys for Defendants TMC the metals company, Inc., Gerard Barron, and Craig Shesky*